IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SHANE HOLBROOK,**

    **Petitioner,**

v.                                                 **Case No. 3:21-cv-00170**

**CARL ALDRIDGE,**
**WRJ Administrator, et al.,**

    **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending is Plaintiff's Motion for the Appointment of Counsel. (ECF No. 32). For the reasons that follow, the Court **DENIES** the motion, without prejudice to reconsideration of Plaintiff's request for counsel in the future.

Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them, as well as other factors like the merits of the case. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Valcarcel v. ABM Indus./Diversico Indus.,* 383 F. Supp. 3d 562, 565 (M.D.N.C. 2019) ("In considering a request for appointment of counsel in its discretion, the court may consider

a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself.") (citations omitted).

Here, Plaintiff argues that his case justifies the appointment of counsel, because he has been unable to find a lawyer to take his case. Unfortunately, this circumstance is not exceptional given that many indigent civil litigants are unrepresented. Therefore, standing alone, the inability to retain a lawyer is not a basis for the appointment of counsel. *Altevogt v. Kirwan*, No. CIV. WDQ-11-1061, 2012 WL 135283, at *3 (D. Md. Jan. 13, 2012) ("Altevogt's inability to retain counsel is not an exceptional circumstance."). The undersigned has examined the complaint and the motion for appointment of counsel, and both documents are well-written and clear. The facts underlying Plaintiff's claim are not complex, and he appears capable of presenting his claim at this stage of the litigation. Therefore, his motion must be denied. It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** June 8, 2021

Cheryl A. Eifert
United States Magistrate Judge